The Disciplinary Board of the Supreme Court of Pennsylvania dated October 19, 2001, are approved and IT IS ORDERED that JOYCE JIYOUNG AHN, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that she has the moral qualifications, competency and learning in law required for admission to practice in the Commonwealth, shall be and is, hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement shall be paid by the Petitioner.

Commonwealth, shall be and is, hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement shall be paid by the Petitioner.

■

### In the Matter of Mark Paul SCHEER.

### No. 51 DB 2001 (No. 37 RST 2001).

Supreme Court of Pennsylvania.

Nov. 19, 2001.

### O R D E R

PETITION FOR REINSTATEMENT FROM INACTIVE STATUS

PER CURIAM:

AND NOW, this 19th day of November, 2001, The Report and Recommendations of The Disciplinary Board of the Supreme Court of Pennsylvania dated October 19, 2001, are approved and IT IS ORDERED that MARK PAUL SCHEER, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that he has the moral qualifications, competency and learning in law required for admission to practice in the Commonwealth, shall be and is, hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and processing of the Petition for

■

### In the Matter of Mary Louise AMBROSE.

### No. 92 DB 2001 (No. 35 RST 2001).

Supreme Court of Pennsylvania.

Nov. 19, 2001.

### O R D E R

PETITION FOR REINSTATEMENT FROM INACTIVE STATUS

PER CURIAM:

AND NOW, this 19th day of November, 2001, The Report and Recommendations of The Disciplinary Board of the Supreme Court of Pennsylvania dated October 19, 2001, are approved and IT IS ORDERED that MARY LOUISE AMBROSE, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that she has the moral qualifications, competency and learning in law required for admission to practice in the

 

Reinstatement shall be paid by the Petitioner.

■

**In the Matter of Justin H. KIMBALL.**

**No. 94 DB 2001 (No. 38 RST 2001).**

Supreme Court of Pennsylvania.

Nov. 19, 2001.

*O R D E R*

PETITION FOR REINSTATEMENT
FROM INACTIVE STATUS

PER CURIAM:

AND NOW, this 19th day of November, 2001, The Report and Recommendations of The Disciplinary Board of the Supreme Court of Pennsylvania dated October 19, 2001, are approved and IT IS ORDERED that JUSTIN H. KIMBALL, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that he has the moral qualifications, competency and learning in law required for admission to practice in the Commonwealth, shall be and is, hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement shall be paid by the Petitioner.

■

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner**

v.

**William Austin WATKINS, Respondent**

**No. 580 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

Nov. 20, 2001.

*O R D E R*

PETITION FOR REINSTATEMENT
FROM INACTIVE STATUS

PER CURIAM:

AND NOW, this 20th day of November, 2001, upon consideration of the Report and Recommendations of the Disciplinary Board dated September 21, 2001 it is hereby

ORDERED that WILLIAM AUSTIN WATKINS be subjected to PUBLIC CENSURE by the Supreme Court.

It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

■

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner**

v.

**Vincent Albert CICCONE, Jr., Respondent**

**No. 706 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

Nov. 20, 2001.

*O R D E R*

PER CURIAM:

AND NOW, this 20th day of November, 2001, upon consideration of the Report and